1  MARK LETELL ADAMS
   288 Kelton Avenue
2  San Carlos, California 94070          E-filing
   Telephone: (650) 598-9103
3

4  In Propria Persona

5

6              UNITED STATES DISTRICT COURT

7            NORTHERN DISTRICT OF CALIFORNIA

8                                    CV 10   4787

9  MARK LETELL ADAMS               CASE NO.

10      Plaintiff,                 COMPLAINT FOR
                                   DAMAGES PURSUANT TO
11      v.                         [42 U.S.C. § 1983]

12                                 DEMAND FOR JURY TRIAL
   RONALD ALBERTSON, individually  in his
13 official capacity as a San Carlos Police Sergeant;
   MICHAEL ANDERSON individually in his
14 official capacity as a San Carlos Police Officer;
   JUSTIN COUNCIL individually in his official
15 capacity as a San Carlos Police Officer; and DOES
   1-100; CITY OF SAN CARLOS
16

17      Defendants.

18

19

20

21                    **COMPLAINT**

22      Now comes the plaintiff, Mark Letell Adams, in propria persona, and complaining

23 against defendants, Ron Albertson individually in his official capacity as a San Carlos Police

24 Sergeant, Michael Anderson individually in his official capacity as a San Carlos Police Officer,

25 Justin Council individually in his official capacity as a San Carlos Police Officer; the City of

26 San Carlos and DOES 1 through 100, and alleges as follows:

27

28

                              - 1 -
           COMPLAINT FOR DAMAGES PURSUANT TO 42 U.S.C. § 1983

*(left margin, vertical)* UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT SAN FRANCISCO, CALIFORNIA 94111

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT
SAN FRANCISCO, CALIFORNIA 94111

**JURISDICTION AND VENUE**

1.   This action is brought pursuant to 42 U.S.C. § 1983 and jurisdiction of the Court is invoked under 28 U.S.C. §§ 1331 and 1343.  Plaintiff further invokes the pendent jurisdiction of this Court to hear and decide claims arising under state law.

2.   The amount in controversy exceeds $75,000, exclusive of interest and costs.

3.   Venue is placed in this district because it is where the parties reside, employed and where the events complained of occurred.

**THE PARTIES**

4.   Plaintiff, Mark Letell Adams, is a citizen of the United States, a resident of the State of California and of the City of San Carlos.

5.   Defendant, Ronald Albertson, was at all times pertinent to the allegations of this Complaint a sergeant employed by the City of San Carlos Police Department.  He is sued individually and in his official capacity.

6.   Defendant, Michael Anderson, was at all times pertinent to the allegations of this Complaint an officer employed by the City of San Carlos Police Department.  He is sued individually and in his official capacity.

7.   Defendant, Justin Council, was at all times pertinent to the allegations of this Complaint an officer employed by the City of San Carlos Police Department.  He is sued individually and in his official capacity.

8.   At all times relevant to the allegations of this Complaint and in all actions of the defendants alleged, defendants were acting under color of law and pursuant to their authority as police officers of the City of San Carlos or in the case of the City of San Carlos defendant, Linda Noeske, pursuant to her authority as Deputy City Attorney of San Carlos is among other DOES that may be named in an amended complaint who have conspired to deprive plaintiff of his civil rights under 42 U.S.C. § 1983.

///

///

///

- 2 -

**STATEMENT OF FACTS**

1

2    9.  On April 23, 2010 the plaintiff, Mark Adams an adult African American, approximately

3    49 years of age, who owns a California corporation, I hold a California State Certified Real

4    Estate Appraiser License CA005943, I have a degree from Washington State University, I have

5    never had a criminal record but was arrested by Officers Michael Anderson, Sergeant Ronald

6    Albertson and Officer Justin Council all of the San Carlos Police Department ("SCPD") for an

7    alleged domestic assault against the plaintiff's wife Teresa Adams.

8    10. The SCPD charged the plaintiff with a "Domestic Assault/Felony" under California

9    Penal Code § 273.5(A) based on "writings" and "photographic" evidence that the officers

10   collected which the plaintiff alleges was fraudulently contrived, spoiled and altered by the SCPD

11   in a conspiracy to convict the plaintiff of a crime he did not commit.

12   11. On January 13, 2010 I met in person with Commander Mark Robbins of the SCPD to

13   discuss what the plaintiff alleges is a pattern and practice of racially profiling me in a negative

14   perspective in police incidents.

15   12. The plaintiff has told Commander Mark Robbins of the SCPD that if the pattern and

16   practice of bias in handling any public disputes involving the plaintiff continued to deprive the

17   plaintiff of his civil rights, then the plaintiff would not delay in filing a Complaint under 42

18   U.S.C. § 1983.

19   13. The plaintiff stated at the time of his first encounter with the defendant police officers on

20   April 23rd that he did not commit any act of domestic violence against his wife, and furthermore,

21   the plaintiff alleges that the SCPD officer's actions against him were premeditated, racially

22   biased and their acts were by design to deprive the plaintiff of his civil.

23   14. The defendant officer Michael Anderson barged into the plaintiff's home located at 288

24   Kelton Avenue in San Carlos on April 23rd without a search warrant or consent from the plaintiff

25   or his wife in violation of their civil rights under the Fourth Amendment of the United States

26   Constitution.

27   15. The defendant police officers Sgt. Ronald Albertson and Officer Michael Anderson

28   initially spoke with Ms. Adams at approximately 3:10 p.m. when the defendant officers arrived

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT
SAN FRANCISCO, CALIFORNIA 94111

- 3 -

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT
SAN FRANCISCO, CALIFORNIA 94111

1    at the front door of the plaintiff's residence on April 23rd and Ms. Adams responded by asking

2    the defendant police officers "to leave...".

3       16. The defendant police officers returned moments later after being denied access to enter

4    the plaintiff's home by Ms. Adams without providing a search warrant, absent any sign of

5    exigent circumstances and without probable cause.

6       17. The defendant police officers actions allegedly arose after a non-emergency telephone

7    call was made to an SCPD dispatch operator named "Tracy" who answered a call from Dr. Sung

8    Hui Knueppel, MD of the Palo Alto Medical Foundation health clinic.

9       18. A recording of the SCPD dispatch call from Dr. Knueppel reveals that she said a

10    suspected domestic violence incident had occurred against the plaintiff's wife, Teresa Adams

11    who was treated and released earlier the same day at sometime between 1:00 to 2:30 p.m.

12       19. The plaintiff alleges that the defendant police officers "detained", "interrogated" and

13    "arrested" him in violation of his Fifth Amendment rights under the California and United States

14    Constitution.

15       20. The plaintiff alleges that the SCPD has committed prior acts of harassment, shown bias

16    and exposed plaintiff to unprofessional behavior in prior unrelated incidents.

17       21. The plaintiff alleges that the SCPD has made writings or allowed others to produce false

18    and fraud statements in writings and/or reports about the plaintiff that have been produced over

19    time in an apparent effort to stereotype, degrade, demean, humiliate and prejudice the plaintiff's

20    character.

21       22. The plaintiff alleges that through discovery of evidence, the defendant police officers, the

22    City of San Carlos and DOES who may be named in an amended complaint have conspired to

23    deprive the plaintiff of his civil rights in this incident and in other past incidents by committing

24    some or all of the acts described herein.

25    **FIRST CAUSE OF ACTION**

     (Unlawful Search Of Home Without A Warrant)

26    (4th and 14th Amendments/42 U.S.C. § 1983)

27       23. Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1

28    through 22 of this Complaint.

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT
SAN FRANCISCO, CALIFORNIA 94111

1    24. On or about April 23, 2010 at approximately 3:00 p.m. in the afternoon, plaintiff, Mark

2  Letell Adams, had returned home from his residence in San Carlos.

3    25. Defendants, Sgt. Ronald Albertson, Officer Michael Anderson and Officer Justin

4  Council, responded to a physician's routine *non-emergency* telephone report that a possible

5  domestic violence incident had occurred against the plaintiff's wife, Teresa Adams, a German

6  Citizen holding a United States Visa, at their home.

7    26. At approximately 3:05 p.m. on April 23, 2010 the plaintiff and his wife Ms. Adams were

8  busy making coffee in the kitchen when the defendant police officers rang the doorbell which

9  Ms. Adams answered. Ms. Adams told the defendant police officers to leave and/or return at a

10  later time. The defendant police officers left briefly and then returned calling for Ms. Adams by

11  her first name of "Teresa" through an open front door that was secured by a screen door.   This

12  time the plaintiff came from the kitchen to investigate who was calling his wife's first name at

13  the screen door and was confronted by the defendant police officers. Plaintiff promptly asked,

14  "What's going on, what are you doing here?" and the defendant police officer Michael Anderson

15  responded by asking plaintiff to "step outside" and stand-by defendant officer Justin Council.

16    27. Absent any exigent circumstances or justifiable probable cause, the defendant police

17  officer Michael Anderson entered the plaintiff's front screen door without permission or consent

18  from the him or his wife, Ms. Adams in violation of the Fourth Amendment of the United States

19  Constitution. Defendant officers gave no warning to plaintiff or his wife that they were about to

20  enter the house.

21    28. At the time of the above-described incidents none of the defendant police officers had in

22  his possession any warrant issued by a judge, court or magistrate for search of plaintiff's house,

23  nor had any such search warrant been issued.

24                         **SECOND CAUSE OF ACTION**
                           (Deprivation of Civil Rights)
25                 (5th Amendment/18 U.S.C. § 242; 42 U.S.C. § 1983)

26    29. Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1

27  through 28 of this Complaint.

28

COMPLAINT FOR DAMAGES PURSUANT TO 42 U.S.C. § 1983

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT
SAN FRANCISCO, CALIFORNIA 94111

30. Plaintiff's wife, Ms. Adams was startled by the sudden and unexpected intrusion thus acquiesced to the defendant police officer Michael Anderson's entry into the plaintiff's home whereby interrogation tactics took place without defendant police officers explaining to Ms. Adams, a German Citizen, her civil or constitutional rights by statute of the State of California, the United States of America, the Constitution of the State of California and/or the United States of America.

31. Plaintiff was detained on his front porch without any explanation and maliciously harassed by defendant Sgt. Ronald Albertson while defendant police officer Justin Council stood-by without intervening and defendant police officer Michael Anderson spent 10-15 minutes interrogating Ms. Adams in violation of the Fifth Amendment of the United States Constitution.

32. After interrogating Ms. Adams, Defendant police officer Michael Anderson returned to interrogate plaintiff, the defendant officer blocked entry of the front door way adjacent to plaintiff who was being detained on the front porch and defendant police officer "interrogated" and then arrested the plaintiff after about 2-3 minutes of dialogue in violation of the Fifth and Fourteenth Amendment of the United States of America.

33. Plaintiff was taken to the police station at the San Carlos Police Department at about 3:30 p.m. where he was kept in a holding cell for most of the next one hour.

34. During the course of said "detention" and "interrogation" on the front porch of plaintiff's home, the "arrest", "transportation" and then "imprisonment" of plaintiff in the San Carlos Police Station holding cell, plaintiff was denied rights afforded to him by statute in violation under the Fourth and Fifth Amendment of the State of California, the United States of America, the Constitution of the State of California and the United States of America. Ensuing events constituting a denial of plaintiff's rights included, but were not limited to, the following: denial of access to call an attorney, failure to give Miranda warning, plaintiff's constant denials of participation in crime, and no provision of medication to treat a potentially life threatening heart condition.

COMPLAINT FOR DAMAGES PURSUANT TO 42 U.S.C. § 1983

1  35. As a result of the alleged unlawful search without a warrant and actions depriving

2  plaintiff's civil rights, plaintiff was injured in the following ways:

3  a.  Plaintiff was booked into the San Mateo County Jail after being detained at the San

4  Carlos Police Department despite repeated "neglected requests" to the defendant police officer

5  Michael Anderson to allow plaintiff ot make a telephone call in violation of the Fifth

6  Amendment of the United States of America and defendants continued to hold plaintiff

7  approximately 9 hours more until plaintiff posted bail.

8  b.  Plaintiff consequently lost employment from his job as well as other job opportunities

9  due to the plaintiff's arrest record and has suffered substantial lost wages

10  c.  Plaintiff suffered and continues to suffer stress as well as humiliation, damage to his

11  reputation and psychological trauma

### THIRD CAUSE OF ACTION
(Fraud and False Statements)
(18 U.S.C. § 1018)

14  36. Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1

15  through 35 of this Complaint

16  37. On April 27, 2010 the plaintiff contacted SCPD Commander Mark Robbins by email to

17  make a complaint that the defendant police officers violated his civil rights guaranteed under 42

18  U.S.C. § 1983 and gain clarification about what justified the April 23rd arrest incident.  At that

19  time, a copy of the police report writing and tape recordings was requested from Commander

20  Robbins but denied in violation of the .

21  38. On or about April 30, 2010 the plaintiff reviewed, together with the plaintiff's wife, a

22  copy of the SCPD police report writing #1004-0139 authored by the defendant police officer

23  Michael Anderson and the plaintiff alleges that fraud and false statements were made in that

24  report in violation of 18 U.S.C. § 1018.

25  39. On May 5, 2010, the plaintiff's wife, Ms. Adams, wrote an affidavit asserting an

26  allegation that fraud the false statements were made in the SCPD police report writing #1004-

27  0139 and subsequently a copy of Ms. Adams' May 5th affidavit was hand delivered by Ms.

28  Adams to the San Mateo County District Attorney's office on or about the next day.

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT
SAN FRANCISCO, CALIFORNIA 94111

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT
SAN FRANCISCO, CALIFORNIA 94111

1   40. On June 3, 2010 at an initial arraignment hearing, the plaintiff was told that the felony

2   domestic violence case filed under the SCPD police writing #1004-0139 had resulted in a No

3   Complaint Filed ("NCF") status and the plaintiff was ordered to return to court on June 24th.

4   41. On June 24, 2010 at a second hearing before the Honorable Judge H. James Ellis, the

5   Judge entered an order exonerating the plaintiff with prejudice since the San Mateo County

6   District Attorney's ("SMCDA") office rejected the San Carlos Police Department's felony

7   criminal case #1004-0139 filed against the plaintiff on or about April 27, 2010 and the SMCDA

8   did not file an accusatory pleading giving rise to issues that the SCPD falsely arrested and

9   imprisoned the plaintiff in violation 42 U.S.C. § 1983.

10   42. On or about August 25, 2010, the plaintiff received digitally recorded audio tapes of the

11   April 23rd SCPD arrest by the defendant police officers through discovery under California

12   Penal Code § 1054 from Evelina Bozek of the SMCDA, however the plaintiff alleges that the

13   SCPD audio tapes have been altered and do not comply with the common law rule of evidence

14   called the "best evidence rule". The plaintiff has challenged the SMCDA on the evidence

15   certification of the SCPD audio tape evidence.

16   43. The plaintiff's review of the SCPD police audio tape recordings of the April 23rd incident

17   obtained through Brady discovery and the audio tape recordings support the allegations that

18   fraud and false statements were made by the defendant police officers' writings to further

19   support allegations that the SCPD is attempting to deprive the plaintiff of his civil rights.

20   44. The acts of defendants described above were all performed with malice and

21   premeditation under color of law with willful and wanton disregard of plaintiff's rights under the

22   Fourth, Fifth and Fourteenth Amendments of the Constitution and in contravention of the letter

23   and spirit of 42 U.S.C. § 1983.

24   45. The plaintiff further alleges that the City of San Carlos has participated in a pattern and

25   practice of conspiring to cover-up the civil rights violations committed by the SCPD and the

26   defendant police officers Sergeant Ronald Albertson, Officer Michael Anderson and Officer

27   Justin Council.

28

1    46. The plaintiff alleges that Linda Noeske, the San Carlos Deputy City Attorney has made

2 fraudulent and false statements in email writings and statements filed with the Superior Court of

3 San Mateo County in connection with the plaintiff's current Motion for Judicial Determination

4 of Factual Innocence to be heard on December 3, 2010 before the Superior Court in connection

5 with the SCPD April 23rd arrest.

6    47. The plaintiff alleges that there is a potential the Superior Court of San Mateo County

7 may be engaged in a pattern and practice of depriving the plaintiff of his civil rights to due

8 process in violation of the Fourteenth Amendment of the United States Constitution and the

9 Presiding Judge Stephen Hall was known to have been a former (police officer and) sergeant of

10 the SCPD.

11    48. As a result of the acts and circumstances pleaded herein, plaintiff alleges that he has

12 suffered great pain, both physical and mental, great monetary loss, deprivation of liberty, loss of

13 ability to work and fully function as a member of his family and community.

## DEMAND FOR TRIAL

15    50. The plaintiff hereby demands a trial by jury, pursuant to Rule 38 of the Federal Rules of

16 Civil Procedure.  The issues inter alia for which the plaintiff demands a jury trial under 42

17 U.S.C. § 1983 are as follows:

18    a.  A determination of whether defendants deprived the plaintiff of his civil rights

19        under the Fourth and Fifth and Fourteenth Amendments regarding the April 23rd

20        SCPD arrest incident;

21    b.  A determination of whether defendants have engaged in a pattern and practice of

22        depriving the plaintiff of his civil rights under the Fourth, Fifth and Fourteenth

23        Amendment in other alleged SCPD police related incidents

24    c.  A determination of whether the defendants have engaged in a pattern and practice

25        of racial profiling, racial bias, discrimination and/or retaliation against the

26        plaintiff in a conspiracy to deprive the plaintiff of his civil rights

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT
SAN FRANCISCO, CALIFORNIA 94111

**COMPLAINT FOR DAMAGES PURSUANT TO 42 U.S.C. § 1983**

d.  A determination of whether defendants have made fraud and false statements in official certificates and writings that they knew to be false or malicious against the plaintiff.

e.  Any other facts or matter at issue that may arise prior to trial which can be included in an amendment to this complaint that would amount to a deprivation or violation of the plaintiff's civil rights with respect to the SCPD, SMCDA or the Superior Court of San Mateo County.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Mark Letell Adams, requests the following relief against the defendants jointly and severally:

A.  Compensatory damages in the amount of $3 Million Dollars

B.  Punitive damages in the amount of $3 Million Dollars

C.  Such other relief as to the Court appears reasonable and just

October 22, 2010

Respectfully submitted,

By: _____

MARK LETELL ADAMS
In Propria Persona

COMPLAINT FOR DAMAGES PURSUANT TO 42 U.S.C. § 1983

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT
SAN FRANCISCO, CALIFORNIA 94111