IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK LETELL ADAMS, | No. C 10-04787 WHA |
| Plaintiff, | |
| v. | **ORDER GRANTING MOTIONS TO DISMISS AND VACATING HEARING** |
| RONALD ALBERTSON, *et al.*, | |
| Defendants. | |

## INTRODUCTION

In this Section 1983 action, four defendants move to dismiss all claims against them. This order grants all four motions.

## STATEMENT

Plaintiff Mark Letell Adams, who is proceeding *pro se*, filed this action in October 2010. His first amended complaint, filed in November, is currently operative. The complaint states that the action "is brought pursuant to 42 U.S.C. § 1983," and it references a pattern and practice of disparate treatment on the basis of Adams's status as an African-American male that allegedly has developed over the last seven years. These "prior unrelated incidents," however, are not the basis of the six claims for relief Adams brings in his complaint (Compl. ¶¶ 1, 15–17, 25). Instead, the complaint focuses on his April 2010 arrest.

The facts alleged in the operative complaint include the following. On April 23, 2010, Adams's wife was treated at the Palo Alto Medical Foundation health clinic. A doctor from the

clinic called the San Carlos Police Department and reported her suspicion that a domestic violence incident had occurred. Later that afternoon, two SCPD officers conducted a welfare check at the Adams home. The officers entered the Adams home without a search warrant or any other proof of legal justification. After making two visits and conversing with both Adams and his wife, the officers arrested Adams and brought him to a holding cell at the police station, where he was kept "for most of the next one hour." Adams then was booked into the San Mateo County Jail, where he was held "approximately 9 hours more" until he posted $25,000 bail. Adams was not given *Miranda* warnings, was not allowed to make a telephone call, and was denied access to his heart medication. Ultimately, no domestic violence complaint was filed by Adams's wife, and the SCPD's felony domestic violence case against Adams was not prosecuted. An order exonerating Adams's bail was entered in June 2010, and Adams then filed and litigated a motion for a judicial finding of factual innocence with respect to his arrest. During that litigation, the SCPD and various other officials engaged in fraud and conspiracy to cover up the civil-rights violations committed against Adams and to further deprive him of his constitutional rights, or so it is alleged.

Adams brings six claims for relief based on this factual narrative. *First*, Adams claims that the SCPD officers who performed the welfare check conducted an unlawful search of his home without a warrant, in violation of the Fourth Amendment. *Second*, Adams claims that he was unlawfully detained and interrogated by the police officers, in violation of the Fifth and Fourteenth Amendments. *Third*, Adams claims the conditions of his detainment and interrogation deprived him of due process, in violation of the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments. *Fourth*, Adams claims that fraud and false statements were made in the police reports and tape recordings related to his arrest, in violation of 18 U.S.C. 1018. *Fifth*, Adams claims that the SCPD officers and a variety of others engaged in a conspiracy to violate Adams's civil and constitutional rights. *Sixth*, Adams claims that police officers and others have defamed him and interfered with his family relationships through statements in police reports, audio recordings, and other public records.

1    Adams brings all six claims against seven named defendants, requesting compensatory
2 and punitive damages totaling six million dollars. The defendants include a San Carlos police
3 sergeant, two San Carlos police officers, a San Carlos deputy city attorney, the County of San
4 Mateo, a San Mateo judge, and a San Mateo deputy district attorney. Three defendants — the
5 County of San Mateo, Linda Noeske (the deputy city attorney), Stephen Hall (the judge), and
6 Evelina Bozek (the deputy district attorney) — each now move to dismiss all claims against them.
7 This order follows full briefing and a hearing on the first three motions to dismiss; the Bozek
8 motion is decided upon the moving and opposition filings.

**ANALYSIS**

10   None of the motions concerns the police officers; all of the motions are brought by non-
11 officer defendants. The motions rest on various grounds, but they all highlight the complaint's
12 paucity of factual allegations regarding the moving defendants, and they all argue that the
13 complaint fails to state a claim pursuant to FRCP 12(b)(6).

14   A motion to dismiss under Rule 12(b)(6) tests for the legal sufficiency of the claims
15 alleged in the complaint. *See Parks Sch. of Bus. v. Symington*, 51 F.3d 1480, 1484
16 (9th Cir. 1995). All material allegations of the complaint are taken as true and considered in the
17 light most favorable to the nonmoving party. *Ibid.* "While a complaint attacked by a
18 Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation
19 to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions,
20 and a formulaic recitation of the elements of a cause of action will not do. Factual allegations
21 must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*,
22 550 U.S. 544, 555 (2007) (citations omitted). In short, the complaint must contain sufficient
23 factual matter to "state a claim to relief that is plausible on its face." *Id.* at 570.

**A.    SAN MATEO COUNTY'S MOTION TO DISMISS**

25    The County of San Mateo moves to dismiss all claims against it for failure to state a claim
26 pursuant to FRCP 12(b)(6). Specifically, the County argues that Adams's complaint fails to
27 allege any facts that form a causal link between the County and the events giving rise to the
28 complaint. "A municipality can be found liable under § 1983 only where the municipality *itself*

3

causes the constitutional violation at issue." *City of Canton v. Harris*, 489 U.S. 378, 385 (1989). This order finds the factual pleadings insufficient to state a claim against the County.

The conspiracy claim is the only claim for relief that explicitly implicates the County. To state a claim for conspiracy to violate one's constitutional rights, a plaintiff must plead specific facts, not merely allege the existence of a conspiracy. *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 626 (9th Cir 1988). The complaint alleges that, along with other defendants, the County "conspired in a pattern of practice . . . to deprive plaintiff of his due process rights under the United States and California Constitution in the plaintiff's Motion for Judicial Finding of Factual Innocence in Case No. SP000743" (Compl. ¶ 57). The complaint does not make any other mention of the County and does not state that Adams's alleged constitutional injuries resulted from any County policy, custom, or practice. *See Monell v. Dep't of Soc. Servs. Of the City of New York*, 436 U.S. 658, 694–95 (1978). These vague and conclusory allegations do not state a facially plausible conspiracy claim under Section 1983.

The other claims for relief do not even mention the County; all of these claims are based on the actions of SCPD officers and other defendants involved in Adams's April 2010 arrest and related proceedings. For purposes of Section 1983, there is no *respondeat superior* liability, and the actions of these other defendants cannot be attributed to the County. *Delia v. City of Rialto*, 621 F.3d 1069, 1081 (9th Cir. 2010). Due to their complete lack of factual allegations against the County, the non-conspiracy claims for relief also fail to state any cognizable claim against the County.

In his opposition to the County's motion, Adams argues that he "can provide a causal link between the offending SCPD officers and the County agency that establishes domestic violence policies for San Mateo County law enforcement officials to follow" (Opp. 6). Specifically, Adams references a Domestic Violence Council and alleges that "ever since the DVC has been in existence, it has knowingly and willfully established discriminatory policies as a pattern of practice through the County's special interest committee groups whereby various selected members of the San Mateo County legal and public service community can collude their agenda privately" (*ibid.*). The operative complaint, however, contains no reference to the DVC or its

4

policies. These new allegations in Adams's opposition brief do not ameliorate the insufficient manner in which he plead his complaint. Accordingly, all claims against the County of San Mateo are **DISMISSED**. The County's motion to strike is **DENIED AS MOOT**.

**B.     DEPUTY CITY ATTORNEY LINDA NOESKE'S MOTION TO DISMISS**

Defendant Linda Noeske moves to dismiss all claims against her for failure to state a claim pursuant to FRCP 12(b)(6). Adams alleges that Noeske "was at all times pertinent to the allegations of this Complaint a Deputy City Attorney employed by the City of San Carlos Attorney's office." Noeske is sued both "individually and in her official capacity" (Compl. ¶ 10). This order finds the factual allegations in the complaint insufficient to state a cognizable claim against defendant Noeske in either capacity.

As to Noeske in her individual capacity, the complaint is devoid of any factual allegations; Noeske is mentioned only with respect to her official involvement in Adams's factual-innocence proceedings following his April 2010 arrest. Specifically, Noeske is alleged to have made "fraudulent and false statements in email writings and statements filed with the Superior Court of San Mateo County" and to have conspired with other defendants "in a pattern of practice . . . to deprive plaintiff of his due process rights" in connection with those proceedings (*id.* ¶¶ 55, 57). Noeske also is alleged to have "made defamatory statements that the plaintiff is currently in 'criminal proceedings' for a judicial determination of factual innocence" (*id.* ¶ 60). Finally, the complaint alleges that "[t]he City Attorney's office has twice intentionally obstructed the plaintiff's lawful effort to take the depositions of SCPD witnesses in violation of the California Constitution Article 1 § 15" (*ibid.*), and Noeske admits to being the City representative who filed oppositions to Adams's civil discovery requests (Br. 1–2). The allegations catalogued here are the only portions of the complaint that reference defendant Noeske.

The first four claims for relief are based on the circumstances of Adams's April 2010 arrest and the conditions under which he subsequently was held in custody. These pleadings do not mention defendant Noeske or explain how anyone from the City Attorney's office could have had anything to do with the relevant acts of the police officers. Accordingly, the first four claims for relief fail to state a plausible claim against defendant Noeske.

5

The fifth claim for relief alleges that Noeske and other defendants engaged in a conspiracy to deprive Adams of his civil rights. As noted, a conspiracy claim under Section 1983 must be pled with factual specificity, and mere conclusory allegations that a conspiracy exists will not survive a motion to dismiss. *Karim-Panahi*, 839 F.2d at 626. Adams's conspiracy claim against defendant Noeske does not pass muster under this standard. The complaint contains only the conclusory statement that Noeske conspired with other defendants to deprive Adams of his due process rights and to make fraudulent and false statements. The complaint does not plead any specific acts taken by Noeske in furtherance of this alleged conspiracy, and it does not identify any statements or emails as allegedly false or fraudulent. As such, the complaint fails to state a cognizable conspiracy claim under Section 1983.

The sixth claim for relief alleges that Noeske "made defamatory statements that the plaintiff is currently in 'criminal proceedings' for a judicial determination of factual innocence despite the fact that the SMCDA already rejected the SCPD felony charges against plaintiff, no accusatory pleading was ever filed by the SMCDA and the plaintiff has never had a criminal record" (Compl. ¶ 60). Even if true, this statement would not give rise to a defamation claim. Adams instituted his factual innocence proceedings pursuant to the criminal procedure provisions of the California Penal Code. *See* CAL. PENAL CODE § 851.8. As such, they were in fact "criminal proceedings." This characterization refers to the procedural nature of the action and is independent from the questions of whether Adams ever had a criminal record and whether criminal charges had been pressed against him previously. Because truth is an absolute defense to defamation, the allegation that defendant Noeske referred to the factual innocence proceedings as "criminal proceedings" does not support a claim for defamation. *Bray v. Ventura County Bar Ass'n*, 55 F.App'x 459, 460 (9th Cir. 2003). No other allegedly defamatory statements are pled against Noeske.

The sixth claim for relief also includes an allegation that Adams's efforts to depose police officers for his factual innocence proceeding were unlawfully thwarted by Noeske's office. Adams, however, was not entitled to take these depositions in the first place. Cal. Const. Art. 1 § 15; Cal. Penal Code §§ 1335, 1336, 1349. Because California allows defendants in criminal

6

cases to take depositions only in limited, exceptional circumstances, Noeske's oppositions to Adams's deposition requests were a legitimate part of the criminal proceedings. Adams labels the opposition to his request as "unlawful," but he does not identify any filings or actions by Noeske that were allegedly improper in form or content. As such, the discovery allegations also fail to support a claim for relief against defendant Noeske.

The complaint does not contain sufficient factual allegations to state a plausible claim for relief against defendant Noeske under any of its six legal theories. Adams's opposition to Noeske's motion to dismiss does not address the majority of the deficiencies discussed herein. Regarding the conspiracy claim, Adams argues that Noeske is "bound by the same domestic violence policy" that connects all defendants (Opp. 6), but this alleged domestic violence policy is not pled in the complaint. New facts raised for the first time in Adams's opposition brief cannot argue away the deficiencies in his pleadings. Adams's opposition, however, does not advance any other arguments in defense of the complaint. Accordingly, all claims against defendant Linda Noeske are **DISMISSED**.

### C. JUDGE STEPHEN HALL'S MOTION TO DISMISS

Judge Stephen Hall moves to dismiss all claims against him pursuant to FRCP 12(b)(6) and on other alternative grounds. Adams alleges that Hall "was at all times pertinent to the allegations of this Complaint a Presiding Judge employed by the County of San Mateo Superior Court." Like defendant Noeske, Hall "is sued individually and in his official capacity" (Compl. ¶ 9). Adams, however, has not stated a cognizable claim against Judge Hall in either capacity.

The only factual allegations against Hall in the entire complaint are that he currently is the Presiding Judge of the Superior Court of San Mateo County and that he formerly was a police officer and sergeant of the SCPD (Compl. ¶ 56). These facts both address Hall's official duties; indeed, the complaint itself states that "[a]t all times relevant to the allegations of this Complaint and in all actions of the defendants alleged, defendants were acting under color of law and pursuant to their authority" (Compl. ¶ 13). The complaint does not contain *any* factual allegations

against Hall in his personal capacity. As such, it does not state a plausible or cognizable claim against him in that capacity.

As to the complaint against Hall in his official capacity, the two facts alleged against him (*i.e.*, that he is a judge and a former policeman) do not connect him in any way with the incidents giving rise to the complaint. Hall is not even alleged to have presided over the relevant court proceedings; the complaint states that the two hearings regarding Adams's April 2010 arrest were before a different judge (Compl. ¶ 48). The Superior Court of San Mateo County is included in the list of entities and individuals that allegedly conspired to deprive Adams of his civil rights, but the complaint does not identify any acts taken by Hall in furtherance of this alleged conspiracy. As explained with reference to the other movants, the mere conclusory allegation that a conspiracy exists is insufficient to state a claim on which relief can be granted.

Adams's opposition brief raises for the first time a new factual allegation that "the Presiding Judge of the Superior Court or his/her representative" participated as a member of the San Mateo County Domestic Violence Council (Opp. 6). As noted with respect to the other movants, however, there is no mention of this alleged Domestic Violence Council in the complaint. New facts raised in an opposition brief do not cure the shortcomings of an insufficiently pled complaint, and Adams does not offer any other response to Hall's arguments under FRCP 12(b)(6).

The complaint fails to state any plausible claim upon which relief can be granted against Hall, in either his individual or his official capacity. Accordingly, all claims against defendant Stephen Hall are **DISMISSED**. This order does not reach Hall's alternate grounds for dismissal.

**D.  DEPUTY DISTRICT ATTORNEY EVELINA BOZEK'S MOTION TO DISMISS**

Defendant Evelina Bozek moves to dismiss all claims against her pursuant to FRCP 12(b)(6) and on other alternative grounds. Adams alleges that Bozek "was at all times pertinent to the allegations of this Complaint a Deputy District Attorney employed by the County of San Mateo District Attorney's office." Like defendants Noeske and Hall, Bozek "is sued individually and in her official capacity" (Compl. ¶ 8). Adams, however, has not stated a cognizable claim against Bozek in either capacity.

8

As to Bozek in her individual capacity, the complaint is devoid of any factual allegations; Bozek is mentioned only with respect to her official involvement in the legal proceedings following Adams's April 2010 arrest. Specifically, Adams alleges that after he requested copies of the audio tapes from his April 2010 arrest, Bozek left him a voice message noting when the tapes would be available and then provided the tapes to him (*id.* ¶¶ 50–51). No other actions by Bozek are alleged in the complaint, but the tapes themselves are alleged to "show two different audio file dates of creation and modification" (*id.* ¶ 51). On that basis, Adams alleges that the tapes Bozek provided "have been altered subsequent to April 23rd and do not comply with the common law rule of evidence called the 'best evidence rule'" (*ibid.*). Adams further alleges that "Deputy District Attorney Evelina Bozek has offered audio tapes that have been subjected to spoilage in a conspiracy to violate the plaintiff's civil rights and constitutional rights under the substantive due process procedures under the Fourteenth Amendment of the U.S. Constitution" (*id.* ¶ 50). The allegations catalogued here are the only portions of the complaint that reference defendant Bozek.

The first four claims for relief are based on the circumstances of Adams's April 2010 arrest and the conditions under which he subsequently was held in custody. These pleadings do not mention defendant Bozek or explain how anyone from the District Attorney's office could have had anything to do with the relevant acts of the police officers. Accordingly, the first four claims for relief fail to state a plausible claim against defendant Bozek. The sixth claim for relief concerns defamation; it too fails to mention Bozek or allege that she had any specific involvement with the allegedly defamatory statements. Accordingly, the sixth claim for relief also fails to state a plausible claim for relief against Bozek.

The fifth claim for relief is the only one that even mentions Bozek; it alleges that she and other defendants conspired to deprive Adams of his civil rights. As noted, a conspiracy claim under Section 1983 must be pled with factual specificity, and mere conclusory allegations that a conspiracy exists will not survive a motion to dismiss. *Karim-Panahi*, 839 F.2d at 626. Adams's conspiracy claim against Bozek does not pass muster under this standard. The complaint contains only the conclusory statement that Bozek conspired with other defendants to deprive Adams of

9

1  his civil and due process rights, without alleging any facts supporting the existence of a
2  conspiracy.  Although Adams alleges that Bozek provided him with inauthentic tape recordings,
3  the complaint does not allege any specific acts taken by Bozek or anyone else to tamper with the
4  tape recordings in furtherance of a conspiracy to deprive him of his civil rights.  Nor does the
5  complaint identify any discrepancy between the tape recordings and Adams's own recollection of
6  his arrest.

7  The complaint does not contain sufficient factual allegations to state a plausible claim for
8  relief against defendant Bozek under any of its six legal theories.  Adams's opposition to Bozek's
9  motion to dismiss does not address the majority of the deficiencies discussed herein.  Regarding
10 the conspiracy claim, Adams argues that Bozek is "bound by the same domestic violence policy"
11 that connects all defendants (Opp. 4), but this alleged domestic violence policy is not plead in the
12 complaint.  Adams acknowledges that in order to prove a conspiracy under Section 1983, he
13 "must show an agreement or meeting of the minds to violate constitutional rights," but his
14 complaint pleads no such facts (*id.* 6).  New factual allegations that Adams raises for the first time
15 in opposition briefs, supplemental briefs, or requests for judicial notice do not correct the
16 deficient manner in which he pled his complaint.  Accordingly, all claims against defendant
17 Evelina Bozek are **DISMISSED**.  This order does not reach Bozek's alternate grounds for
18 dismissal.

19                              *          *          *

20 After the February 3 hearing on the first three motions to dismiss and motion to strike, the
21 parties were requested to file supplemental briefing on the question of whether and to what extent
22 the *Rooker-Feldman* doctrine applies to Adams's claims for relief such that this district court
23 lacks subject-matter jurisdiction over all or some of the action.  The three supplemental briefs
24 filed by the four moving defendants generally greed that jurisdiction is lacking to the extent
25 Adams is seeking review of rulings or decisions by the state court, but declined to opine on which
26 portions of Adams's vaguely-pled complaint seek such relief.  Adams's supplemental brief not
27 only addressed the *Rooker-Feldman* doctrine but also improperly raised other, unrelated, new
28 arguments that were not included in his oppositions to the motions to dismiss;  these new

arguments are untimely and therefore shall not be considered. No ruling on the applicability of the *Rooker-Feldman* doctrine to this action will be made at this time. Adams, however, is hereby put on notice of the Court's firm view that any error committed by a state court judge must be appealed to the next highest state court level and may *not* be "appealed" to the federal district court as a supposed denial of due process.

**CONCLUSION**

The County of San Mateo's motion to dismiss all claims against it is **GRANTED**. The County of San Mateo's motion to strike is **DENIED AS MOOT**. Defendant Linda Noeske's motion to dismiss all claims against her is **GRANTED**. Defendant Stephen Hall's motion to dismiss all claims against him is **GRANTED**. Defendant Evelina Bozek's motion to dismiss all claims against her is **GRANTED**. All requests for judicial notice are **DENIED AS MOOT**. This order does not address the claims against any other defendant. The hearing on defendant Bozek's motion set for March 3, 2011, is **VACATED**. Leave to amend the complaint as to these defendants will not be allowed. The Court has considered plaintiff's proposals for cure in his oppositions, and they are hopeless.

**IT IS SO ORDERED.**

Dated: February 14, 2011.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

11