IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK LETELL ADAMS,<br><br>Plaintiff,<br><br>v.<br><br>RONALD ALBERTSON, *et al.*,<br><br>Defendants.<br>_____/ | No. C 10-04787 WHA<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT** |

**INTRODUCTION**

In this Section 1983 action, plaintiff Mark Letell Adams moves for leave to file a second amended complaint. For the following reasons, the motion is **GRANTED IN PART AND DENIED IN PART**.

**STATEMENT**

Plaintiff Mark Letell Adams seeks to establish a pattern and practice of disparate treatment on the basis of his status as an African-American male. Plaintiff alleges that on April 23, 2010, his wife was treated at the Palo Alto Medical Foundation health clinic by Dr. Sung Hui Knueppel. Following the appointment, Dr. Knueppel allegedly called the San Carlos Police Department and reported her suspicion that a domestic violence incident had occurred. Later that afternoon, two SCPD officers conducted a welfare check at the Adams home. The officers allegedly entered the Adams home without a search warrant or any other proof of legal justification. After making two visits and conversing with both Adams and his wife, the officers

arrested Adams and brought him to a holding cell at the police station, where he was kept "for most of the next one hour." Adams was then booked into the San Mateo County Jail, where he was held "approximately 9 hours more" until he posted $25,000 bail. Adams alleges that he was not given *Miranda* warnings, was not allowed to make a telephone call, and was denied access to his heart medication. Ultimately, no domestic violence complaint was filed by Adams's wife, and the SCPD's felony domestic violence case against Adams was not prosecuted. An order exonerating Adams's bail was entered in June 2010, and Adams then filed and litigated a motion for a judicial finding of factual innocence with respect to his arrest. During that litigation, plaintiff alleges that the SCPD and various other officials engaged in fraud and conspiracy to cover up the civil-rights violations committed against him and to further deprive him of his constitutional rights (Amd. Compl.).

Plaintiff, who is proceeding *pro se*, filed this action in October 2010. A February 2011 order dismissed all claims against four of seven defendants with prejudice, but did not address the claims against any other defendant. Plaintiff now moves for leave to file a second amended complaint against Ronald Albertson, Michael Anderson, Justin Council, Gregory Rothaus, Sung Hui Knueppel, M.D., the City of San Carlos, the City of San Carlos Police Department, the County of San Mateo, and Does 1–100.

The proposed second amended complaint advances six claims for relief. *First*, Adams claims that the SCPD officers who performed the welfare check conducted an unlawful search of his home without a warrant, in violation of the Fourth Amendment. *Second*, Adams claims that he was unlawfully detained and interrogated by the police officers, in violation of the Fifth and Fourteenth Amendments. *Third*, Adams claims the conditions of his detainment and interrogation deprived him of due process, in violation of the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments. *Fourth*, Adams claims that fraud and false statements were made in the police reports and tape recordings related to his arrest, in violation of 18 U.S.C. 1018. *Fifth*, Adams claims that the SCPD officers and a variety of others engaged in a conspiracy to violate Adams's civil and constitutional rights. *Sixth*, Adams claims that police officers and others have defamed him and interfered with his family relationships through statements in police reports, audio

2

1  recordings, and other public records.  Adams requests compensatory and punitive damages
2  totaling six million dollars.
3    The County of San Mateo, which was dismissed as a defendant by the February 2011
4  order, filed the sole opposition to the instant motion.  Defense counsel, despite notice, did not
5  appear at the hearing, which proceeded in their absence.

## ANALYSIS

FRCP 15(a)(2) states that a court should freely give leave to amend when justice so requires.  Leave to amend may be denied, however, if the proposed amendment is futile or would be subject to dismissal.  *Saul v. United States*, 928 F.2d 829, 843 (9th Cir. 1991).  This order considers each of the substantive proposed amendments in turn.

*First*, although the February 2011 order dismissed all claims against the County of San Mateo with prejudice, plaintiff continues to name the County as a defendant in the caption and alleges that the County "conspired to deprive the plaintiff of his civil rights" (Dkt. No. 84-3).  The February order was unequivocal: "Leave to amend the complaint as to these defendants will not be allowed" (Dkt. No. 83 at 11).  Any amendments regarding the County, or other previously dismissed defendants, must, therefore, be rejected.  Plaintiff must remove any reference to the County as a defendant.

*Second*, plaintiff seeks to amend its conspiracy claim by adding paragraphs 49–73 (Dkt. No. 84-3).  To allege a Section 1983 conspiracy claim, a plaintiff must allege "which defendants conspired, how they conspired and how the conspiracy led to a deprivation of [the plaintiff's] constitutional rights."  *Harris v. Roderick*, 126 F.3d 1189, 1196 (9th Cir. 1997).  "[V]ague conclusory allegations" are insufficient to meet this pleading standard.  *Mosher v. Saalfeld*, 589 F.2d 438, 441 (9th Cir. 1978).  Here, the complaint as amended does not allege any agreement between any of the defendants to violate plaintiff's constitutional rights.  Nor is there any cognizable claim that any conspiracy actually violated plaintiff's rights.  Plaintiff's proposed amendment adding paragraphs 49–73 would be subject to subsequent dismissal, so the amendment must be rejected.  Plaintiff may not add those paragraphs.

3

*Third*, plaintiff adds three new defendants: Dr. Sung Hui Knueppel (the physician who treated plaintiff's wife), Gregory Rothaus (the former Chief of Police of the San Carlos Police Department), and the San Carlos Police Department. Dr. Knueppel's alleged acts only relate to the defective conspiracy claim, so adding Dr. Knueppel as a defendant would be futile. Plaintiff may not add Dr. Knueppel as a defendant. On the other hand, many of the alleged acts pertinent to this action took place under the auspices of the San Carlos Police Department, then under Gregory Rothaus' supervision. Thus, the proposed amendments adding these two defendants are not futile. Plaintiff may make the proposed amendments adding Gregory Rothaus and the San Carlos Police Department as defendants.

*Fourth*, plaintiff seeks to amend its defamation claim by adding paragraph 76, in which plaintiff alleges that an unnamed "potential co-conspirator" from the District Attorney's office stated, in regards to the outcome of plaintiff's factual innocence hearing: "The evidence wasn't sufficient enough for us to prosecute, but we also believe the evidence does not show his innocence." Plaintiff claims that this statement, allegedly reproduced in a local newspaper, was made as part of a "pattern of practice" to alienate plaintiff from his family and community. The quotation, however, reads as a statement of opinion. A statement of opinion that does not contain defamatory facts cannot form the basis for a defamation claim. *See Milkovich v. Lorain Journal Co.*, 497 U.S. 1, 21 (1990). Because the proposed amendment would be subject to dismissal, it must be denied. Plaintiff may not add the proposed paragraph 76.

At the May 5 motion hearing, plaintiff verbalized additional facts that, if pled, could potentially form a sufficient conspiracy claim. Particularly, plaintiff alleged that the arresting officers had previous contact with plaintiff's ex-girlfriend on suspected domestic violence issues and child custody issues. Plaintiff alleged that those officers subsequently had a pre-existing bias against him personally, and may have conspired against him as a result. Based on the alleged facts revealed at the motion hearing, this order grants plaintiff leave to file a second amended complaint. In regards to the conspiracy claim, plaintiff must not only plead these additional facts by the deadline below; plaintiff must be sure to explain how he believes defendants carried out the alleged conspiracy.

4

The following claims remain in the case: (1) unlawful search in violation of the Fourth Amendment; (2) unlawful detainment and interrogation in violation of the Fifth and Fourteenth Amendments; (3) deprivation of due process in violation of the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments; (4) fraud and false statements in violation of 18 U.S.C. 1018; (5) conspiracy; and (6) defamation and interference with family relationships.

## CONCLUSION

The motion for leave to file a second amended complaint is **GRANTED IN PART AND DENIED IN PART** as follows. The motion is **GRANTED** as to the addition of defendants Gregory Rothaus and the San Carlos Police Department. The motion is **DENIED** as to addition of the following items: (1) the County of San Mateo as a defendant; (2) paragraphs 49–73 of the conspiracy claim; (3) Dr. Sung Hui Knueppel as a defendant; and (4) paragraph 76 of the defamation claim. All other proposed amendments, including cosmetic changes such as renumbering paragraphs where applicable and removing previously dismissed defendants, are **GRANTED**. Plaintiff must file his second amended complaint by **NOON ON MONDAY, MAY 23, 2011**. Defendants must serve their answers by **NOON ON TUESDAY, MAY 31, 2011**.

**IT IS SO ORDERED.**

Dated: May 9, 2011

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE