United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

MARK LETELL ADAMS,

    Plaintiff,

v.

RONALD ALBERTSON individually in his official capacity as a former San Carlos Police Sergeant, MICHAEL ANDERSON individually in his official capacity as a former San Carlos Police Officer, JUSTIN COUNCIL individually in his official capacity as a former San Carlos Police Officer, GREG ROTHAUS individually in his official capacity as a former San Carlos Police Chief, CITY OF SAN CARLOS, CITY OF SAN CARLOS POLICE DEPARTMENT, and DOES 1-100,

    Defendants.

 

No. C 10-04787 WHA

**ORDER PARTIALLY GRANTING MOTION TO QUASH SUBPOENAS WITHOUT PREJUDICE TO RE-ISSUANCE OF MODIFIED SUBPOENA, GRANTING MOVANT'S MOTION FOR JUDICIAL NOTICE, AND VACATING HEARING**

**INTRODUCTION**

In this civil rights action, defendant City of San Carlos moves to quash subpoenas served by plaintiff. For the following reasons, defendant's motion will be **GRANTED WITHOUT PREJUDICE** to re-issuance of a modified subpoena.

**STATEMENT**

Plaintiff Mark Letell Adams seeks to establish a pattern and practice of disparate treatment on the basis of his status as African-American. On April 23, 2010, plaintiff's wife was treated at the Palo Alto Medical Foundation health clinic by Dr. Sung Hui Knueppel.

1  Following the appointment, Dr. Knueppel called the San Carlos Police Department and reported
2  her suspicion that a domestic violence incident had occurred. Later that afternoon, two SCPD
3  officers conducted a welfare check at plaintiff's home. After speaking with both plaintiff and
4  his wife, the officers arrested plaintiff and charged him with felony domestic assault (Second
5  Amd. Compl. ¶¶ 13, 14, 18–22).

6  Ultimately, no domestic violence complaint was filed by plaintiff's wife, and the felony
7  domestic violence case against him was not prosecuted. An order exonerating plaintiff's bail
8  was entered in June 2010. Plaintiff then filed and litigated a motion for judicial finding of
9  factual innocence with respect to his arrest. This motion was denied. Plaintiff also filed a
10 government claim against the City of San Carlos, which was also denied (*id.* at ¶¶ 46–47, 85,
11 92).

12 Plaintiff, who is proceeding *pro se*, filed this action in October 2010. A February 2011
13 order dismissed all claims against four of seven defendants with prejudice. Plaintiff then filed a
14 second amended complaint, which added two more defendants (Dkt. 90). Plaintiff's second
15 amended complaint, which is now operative, asserts six claims for relief: (1) unlawful search of
16 plaintiff's home by the SCPD officers in violation of the Fourth Amendment; (2) unlawful
17 detention and interrogation by the officers in violation of the Fifth and Fourteenth Amendments;
18 (3) denial of due process in detaining plaintiff in violation of the Fourth, Fifth, Sixth, Eighth,
19 and Fourteenth Amendments; (4) fraud and false statements in violation of 18 U.S.C. 1018;
20 (5) conspiracy to violate plaintiff's civil and constitutional rights; and (6) defamation and
21 interference with family relationships. Plaintiff's fifth claim for relief is asserted in part against
22 the City of San Carlos — the movant in the present action.

23 On September 6, 2011, plaintiff issued subpoenas to four members of the San Carlos
24 city council requiring them to appear and testify in depositions. While the City is named as
25 a defendant in the present action, the deponents were not named individually as defendants.
26 The subpoenas also ordered the production of the following categories of documents: (1) all city
27 council policy decisions regarding the SCPD; (2) detailed SCPD arrest statistics spanning the
28 past ten years; (3) all correspondence written to or received from plaintiff; and (4) meeting

1  minutes from the closed city council meeting pertaining to the denial of plaintiff's government
2  claim. The City now moves to quash these subpoenas, claiming that they cause an undue burden
3  and are only meant to harass the city council members. This order follows full briefing.

**ANALYSIS**

Parties may obtain discovery regarding any non-privileged matter that is relevant to a party's claim or defense. FRCP 26(b)(1). The court may, however, limit the frequency or extent of discovery if the burden of the proposed discovery outweighs its likely benefit. FRCP 26(b)(2)(C)(iii). The court must enforce the parties' duty to avoid imposing undue burden or expense on a person subject to a subpoena. FRCP 45(c)(1).

### 1. DEPOSING FOUR CITY COUNCIL MEMBERS WOULD CREATE AN UNDUE BURDEN.

Movant argues that deposing the volunteer city council members is improper because they have no personal knowledge of plaintiff's arrest (Br. 4). Movant also alleges that the vast majority of decision-making power in the City of San Carlos rests with the City Manager, not the city council. Further, movant claims that the policy for the SCPD is created by the police chief — whom plaintiff has already deposed (*id.* at 7). Plaintiff claims to have issued the subpoenas to discover the extent of the city council members' policy-making role, and because the city council controls the training of the SCPD in domestic violence policy (Opp. 4). Additionally, plaintiff seeks information about why the city council denied his government claim (Master Exh. B). Presumably, plaintiff seeks to depose the four city council members to gather evidence in support of his fifth claim for conspiracy, as this is the only claim in the operative complaint that references the City of San Carlos.

The limited amount of relevant information plaintiff is likely to glean from these depositions is outweighed by the burden of deposing four individual city council members who played no role in plaintiff's arrest. As the point of plaintiff's subpoenas is to gather information about the policy decision-making within the City, plaintiff must select only *one* city council member — or the City Manager, who also plays a role in policy development — to represent the City of San Carlos in a deposition. Accordingly, the motion to quash the subpoenas is **GRANTED**

3

**WITHOUT PREJUDICE** to re-serving a subpoena requiring a *single* representative of the City of San Carlos to testify in a deposition.

### 2. PLAINTIFF CANNOT OBTAIN DISCOVERY OF PRIVILEGED DOCUMENTS.

Plaintiff's subpoenas also request production of the records or minutes from the closed city council session during which the decision to deny plaintiff's government claim was made. Movant argues that the City Attorney was present during those sessions and offered his guidance and counsel, thus those communications are protected by the attorney-client privilege. Additionally, movant argues that because the city council members made the statements in the discharge of their official duties, the statements are privileged under California Civil Code Section 47(a) (Br. 7). This order agrees on both accounts. Plaintiff cannot discover the privileged communications that took place during the closed city council session. Movant does not challenge any other category of documents. The subpoena request for minutes or records from the closed city council session is **QUASHED**.

### 3. PLAINTIFF MUST PROVIDE WITNESS FEES.

FRCP 45(b)(1) requires tender of a witness fee and mileage at the time of service of a subpoena. Movant argues that all four subpoenas must be quashed because plaintiff failed to provide witness fees when serving the city council members. Plaintiff is hereby put on notice that the force of his re-issued subpoena is contingent on his payment of the witness fee and mileage. In order to depose a witness, plaintiff must adhere strictly to FRCP 45(b)(1).

### 4. MOVANT'S REQUEST FOR JUDICIAL NOTICE.

Movant requests that judicial notice be taken of three items: (1) California Penal Code Section 851.8; (2) the order denying plaintiff's motion for a finding of factual innocence regarding his arrest; and (3) the City of San Carlos Municipal Code Section 2.040.060. A judicially noticed fact must be one not generally subject to reasonable dispute that is either generally known within this territorial jurisdiction or is capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. FRE 201(b). Two of these items are statutes, and one is a matter of public record. All of them

can be readily and accurately determined by sources whose accuracy cannot be questioned. Accordingly, movant's request for judicial notice is **GRANTED**.

## CONCLUSION

All four subpoenas are **QUASHED**. Going forward, plaintiff must select only one representative of the City of San Carlos to depose regarding policy matters for a period of ninety minutes of deposition time. Plaintiff must re-serve the *single* person he selects with witness fees and comply with FRCP 45. Plaintiff cannot request production of privileged documents. The document subpoena request for meeting minutes from the closed city council session is **QUASHED**. As the other document categories were not challenged, they are not quashed. Movant's request for judicial notice is **GRANTED**. The hearing scheduled for October 27 is **VACATED**.

**IT IS SO ORDERED.**

Dated: October 19, 2011.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE