United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK LETELL ADAMS,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>RONALD ALBERTSON individually in his official capacity as a former San Carlos Police Sergeant, MICHAEL ANDERSON individually in his official capacity as a former San Carlos Police Officer, JUSTIN COUNCIL individually in his official capacity as a former San Carlos Police Officer, GREG ROTHAUS individually in his official capacity as a former San Carlos Police Chief, CITY OF SAN CARLOS, CITY OF SAN CARLOS POLICE DEPARTMENT, and DOES 1–100,<br><br>　　　　Defendants.<br>　　　　　　　　　　　　　　　　　　/ | No. C 10-04787 WHA<br><br><br>**ORDER DENYING RELIEF FROM NONDISPOSITIVE PRETRIAL ORDER OF MAGISTRATE JUDGE** |

**INTRODUCTION**

In this Section 1983 action, plaintiff challenges a magistrate judge's discovery order permitting defendants to depose plaintiff's wife and subpoena third parties for plaintiff's employment and medical records. For the following reasons, plaintiff's request for relief from that order is **DENIED**.

**STATEMENT**

Plaintiff Mark Adams claims that the City of San Carlos and its police department violated his constitutional rights. Plaintiff seeks relief under Section 1983 for pain, loss of ability to work, and other damages. This action arises from his April 2010 arrest for domestic violence. Plaintiff was arrested after his wife's doctor reported a suspicion of domestic violence. Ultimately, his wife did not file a domestic violence complaint, and he was not prosecuted. He then filed and litigated a motion for judicial finding of factual innocence. That motion was denied.

Plaintiff, who is proceeding *pro se*, filed this Section 1983 action in October 2010. After the parties failed to resolve their discovery disputes, all discovery matters were referred to Magistrate Judge Maria-Elena James. On November 7, 2011, Magistrate Judge James issued an order that permitted defendants to depose plaintiff's wife, Teresa Adams, and ordered third parties to comply with defendants' subpoenas requesting plaintiff's employment and medical records (Dkt. No. 122). Plaintiff now seeks relief from that order.

**ANALYSIS**

When a magistrate judge's pretrial order concerns a nondispositive issue, the district judge must "set aside any part of the order that is clearly erroneous or is contrary to law." FRCP 72(a). A "magistrate judge's decision in such nondispositive matters is entitled to great deference by the district court." *United States v. Abonce-Barrera*, 257 F.3d 959, 969 (9th Cir. 2001). As her order is neither clearly erroneous nor contrary to law, plaintiff's motion requesting relief is **DENIED**.

1. **DEPOSITION OF TERESA ADAMS.**

There are two marital privileges recognized by the federal common law. The first, usually called the adverse spousal testimony privilege, allows a spouse to refuse to testify adversely to his or her spouse. The second, usually called the marital communications privilege, protects from disclosure private communications between spouses. *United States v. Griffin*, 440 F.3d 1138, 1143 (9th Cir. 2006).

Plaintiff objects that the deposition of his wife, Teresa Adams, violates martial privilege. This order disagrees. Plaintiff listed his wife as a witness for trial. He cannot now hide behind the adverse spousal testimony privilege to prevent defendants from deposing Mrs. Adams. As for

2

1  the marital communications privilege, plaintiff has not identified any communications that are
2  supposedly confidential and privileged. Nor has he shown that the deposition would concern *only*
3  matters protected by the privilege. Plaintiff has not shown that Magistrate Judge James' order
4  allowing defendants to depose Teresa Adams was clearly erroneous or contrary to law.

### 2. SUBPOENA OF THIRD-PARTY RECORDS.

Parties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense. FRCP 26(b)(1). Defendants served subpoenas on Apple, Inc., plaintiff's former employer, to obtain his employment records; and on Philip Takakjian, the Palo Alto Medical Foundation, and Sequoia Hospital to obtain plaintiff's medical records (Dkt. No. 112). Plaintiff's employment and medical records are relevant to his damage claim of "great pain, both physical and mental, great monetary loss, deprivation of liberty, loss of ability to work and fully function as a member of his family and community" (Sec. Amd. Compl. ¶ 103).

Plaintiff objects that the subpoenas violate his individual privacy and privilege (Dkt. No. 126 at 3). This order disagrees. Plaintiff has waived those privileges as to the records sought. Plaintiff placed his medical history into issue by claiming to have suffered great psychological and physical harm. In fact, plaintiff himself produced documents concerning his medical treatment from these same third parties. Similarly, plaintiff brought his employment history into issue by claiming that his arrest led to his loss of employment and earning capacity (Sec. Amd. Compl. ¶¶ 41, 103). Plaintiff has not shown that Magistrate Judge James' order forcing third parties to comply with defendants' subpoenas was clearly erroneous or contrary to law.

**CONCLUSION**

For the above reasons, plaintiff's motion for relief from Magistrate Judge James' order is **DENIED**. Defendants may go forward with the deposition of Teresa Adams, and third parties Apple, Inc., Philip Takakjian, Palo Alto Medical Foundation, and Sequoia Hospital shall comply with defendants' subpoenas.

**IT IS SO ORDERED.**

Dated: November 14, 2011.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE