**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MARK ADAMS,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>RONALD ALBERTSON *et al.*,<br><br>　　　　Defendants. | Case No.: C-10-4787 WHA<br><br>**ORDER DENYING MOTION OF PLAINTIFF FOR JUDICIAL RECUSAL OF THE HONORABLE WILLIAM H. ALSUP** |

　　　　On March 15, 2012, *pro se* Plaintiff Mark Adams has filed a Motion to Disqualify the Honorable William H. Alsup from presiding over his case pursuant to 28 U.S.C. §§ 144, 455(a)-(b)(1) on the grounds that Judge Alsup (i) has shown a lack of partiality; (ii) has a personal bias against adjudicating civil rights cases; and (iii) has a prejudice against Plaintiff due to his status as a *pro se* litigant. On March 19, 2012, Judge Alsup referred Plaintiff's Motion to Disqualify for reassignment pursuant to Civil Local Rule 3-15, and the motion was assigned to the undersigned judge.

　　　　In summary, Plaintiff filed a civil rights action for events arising out of his arrest for domestic violence. On February 10, 2012, Judge Alsup granted the Defendants' Motion for Summary Judgment, terminating Plaintiff's case in its entirety. Plaintiff has moved for reconsideration of that Order and for recusal of Judge Alsup.

　　　　Defendants filed a response to the motion on March 21, 2012. Plaintiff did not file a reply.

　　　　Having carefully considered the papers submitted, and the filings in this action, and for the reasons set forth below, the Court hereby **DENIES** the Motion to Disqualify.[1]

---

[1] Pursuant to Federal Rule of Civil Procedure 78(b) and Civil Local Rule 7-1(b), the Court finds that this motion, which has been noticed for hearing on April 20, 2012, is appropriate for decision without oral argument. Accordingly, the Court **VACATES** the hearing set for April 20, 2012.

**I.  BACKGROUND**

This is a civil rights action arising out of the arrest of Plaintiff Mark Adams for domestic violence on April 23, 2010 at his residence in San Carlos, California.  Plaintiff filed this lawsuit *pro se* on October 22, 2010 alleging various civil rights violations on the part of the arresting officers, the City of San Carlos, and its Police Department.  The Second Amended Complaint alleged six claims: (1) unlawful search; (2) unlawful detainment and interrogation; (3) deprivation of due process; (4) defamation and false statements; (5) conspiracy; and (6) interference with family relationships.  The parties filed cross-motions for summary judgment and on February 10, 2012, Judge Alsup entered an Order Granting Defendants' Motion for Summary Judgment and Denying Plaintiff's Motion for Summary Judgment.  Dkt. No. 209.  Plaintiff subsequently filed a Motion to Alter or Amend the Judgment on February 21, 2012, and filed the instant motion to disqualify on March 15, 2012.  Dkt. Nos. 214 & 224.  The disqualification motion was randomly assigned to the undersigned judge.  Plaintiff's motion for reconsideration will remain before Judge Alsup because, as set forth below, Plaintiff has not made the required showing to warrant Judge Alsup's recusal.

**II.  LEGAL STANDARD**

When a party to a proceeding believes that the judge might have a personal bias or prejudice against him, he may file a timely affidavit seeking recusal of that judge.  *See* 28 U.S.C. §§ 144, 455(b)(1).  The affidavit must specifically allege "facts that fairly support the contention that the judge exhibits bias or prejudice directed toward a party that stems from an extrajudicial source."  *United States v. Silba*, 624 F.2d 864, 867 (9th Cir. 1980).  Section 455(a) provides that a judge must disqualify himself "in any proceeding in which his impartiality might reasonably be questioned."  28 U.S.C. § 455(a).  "'Since a federal judge is presumed to be impartial, the party seeking disqualification bears a substantial burden to show that the judge is biased.'"  *Perry v. Schwarzenegger*, 790 F. Supp. 2d 1119, 1129 (N.D. Cal. 2011) *aff'd sub nom. Perry v. Brown*, 671 F.3d 1052 (9th Cir. 2012) (quoting *Torres v. Chrysler Fin. Co.*, Case No. C-07-00915 JW, 2007 WL 3165665, at *1 (N.D. Cal. Oct. 25, 2007).

The standard for recusal is "'whether a reasonable person with knowledge of all the facts would conclude the judge's impartiality might reasonably be questioned.'"  *Pesnell v. Arsenault*, 543

2

F.3d 1038, 1043 (9th Cir. 2008) (quoting *United States v. Hernandez*, 109 F.3d 1450, 1453 (9th Cir. 1997). This standard does not mandate recusal upon the mere "unsubstantiated suspicion of personal bias or prejudice." *United States v. Holland*, 519 F.3d 909, 914 (9th Cir. 2008) (citations omitted). Rather, "a judge should be disqualified only if it appears that he or she harbors an aversion, hostility or disposition of a kind that a fair-minded person could not set aside when judging the dispute." *See Liteky v. United States*, 510 U.S. 540, 558 (1994) (Kennedy, J., concurring). An adverse judicial ruling is not an adequate basis for recusal. *Id.* at 549. Absent some evidence of bias or prejudice originating outside of a proceeding, a judge's rulings may be considered as a basis for disqualification "only in the rarest circumstances." *Id*. at 555 ("Almost invariably, they are proper grounds for appeal, not for recusal").

### III. DISCUSSION

Plaintiff has set forth no legitimate basis to disqualify Judge Alsup from presiding over his case. The gravamen of the motion and supporting declaration is the allegation that Judge Alsup is biased against civil rights plaintiffs and prejudiced against Plaintiff in particular due to his *pro se* status. In support, Plaintiff references an anonymous comment posted on a website.[2] Dkt. No. 224, Ex. A. A posting on a website is not evidence of bias.[3] *See United States v. Jackson*, 208 F.3d 633, 637 (7th Cir. 2000) (quoting *St. Clair v. Johnny's Oyster & Shrimp, Inc.*, 76 F. Supp. 2d 773, 775 (S.D. Tex. 1999) ("'[A]ny evidence procured off the Internet is adequate for almost nothing, even under the most liberal interpretations of the hearsay exception rules.'"). Recusal must be based upon facts and not on conjecture, speculation or statement of opinion. *See United States v. Vespe*, 868 F.2d 1328, 1340 (3d Cir. 1989) (stating that "[c]onclusory statements and opinions" in a 28 U.S.C. § 144 affidavit "need not be credited"). This anonymous posting does not reasonably call into question

---

[2] The comment, which is attached to the motion as an Exhibit, is a screenshot of Judge Alsup's profile on the website "The Robing Room," the self-described place "where judges are judged." The comment on which Plaintiff relies states, in part: "[t]otally intolerant of pro se litigants" and "does not like to waste time on civil rights" cases.

[3] Evidence upon which the Court may rely must be reliable, that is, under oath (*e.g.*, penalty of perjury) and must be based on personal knowledge. *See* Fed. R. Evid. 602 (personal knowledge) & 603 (oath or affirmation). The comment on the website lacks the necessary indicia of reliability in that it is not made under oath, and it does not appear to be based upon personal knowledge but instead appears to be on the basis of reports from others. To the extent the comment from the website is offered as evidence of reputation, there is no way to determine whether the anonymous commenter is sufficiently acquainted with Judge Alsup or the community in which Judge Alsup works to speak with authority on the subject. *See* Fed. R. Evid. 405(a) (reputation or opinion).

Judge Alsup's impartiality against civil rights plaintiffs, in general, or Plaintiff as a *pro se* litigant, in particular, and does not provide grounds for disqualification. Thus, the facts alleged, even if true, are legally insufficient to enable a reasonable person to conclude that Judge Alsup has a personal bias or prejudice against the Plaintiff in this case.[4]

Plaintiff's declaration in support of his motion simply expresses disagreement with Judge Alsup's rulings and a belief that Judge Alsup has committed errors.[5] Dkt. No. 225. Plaintiff's declaration repeatedly alleges that Judge Alsup's bias is displayed in his rulings: ignoring the "disputed facts" that Plaintiff submitted in opposition to Defendants' Motion for Summary Judgment, *id.* ¶ 4; ignoring "evidence disputing the credibility of most or all of the Defendant's [*sic*] witnesses," *id.* ¶ 7; and, failing to offer a "reasonable" explanation for denying a request for a continuance of discovery pursuant to Federal Rule of Civil Procedure 56(f), *id.*¶ 10. Given that a judge's adverse rulings are not an adequate basis for recusal,[6] Plaintiff does not satisfy the standard for recusal. Moreover, Plaintiff's speculation that Judge Alsup has a bias against civil rights cases and *pro se* litigants does convert this case into the "rarest circumstances" in which the judge displayed "a deep-seated favoritism or antagonism that would make fair judgment impossible." *See Liteky*, *supra*, 510 U.S. at 555. Plaintiff's remedy, if there is one, is to raise these issues via a proper appeal.[7]

---

[4] The motion also appears to be untimely. The comment on which Plaintiff relies was posted to the website approximately two years prior to Judge Alsup being assigned to Plaintiff's case. Plaintiff offers no explanation for why he waited until after an adverse judgment before bringing this motion. It is well-settled that a party with information that raises a possible ground for disqualification cannot wait until after an unfavorable judgment before bringing the information to the court's attention. *E. & J. Gallo Winery v. Gallo Cattle Co.*, 967 F.2d 1280, 1295 (9th Cir. 1992) (absent a timeliness requirement, parties would be encouraged to "withhold recusal motions pending a resolution of their dispute on the merits and then, if necessary, invoke section 455 in order to get a second bite at the apple"); *Cooney v. Booth*, 262 F. Supp. 2d 494, 503-04 (E.D. Pa. 2003) *aff'd sub nom. Cooney ex rel. Cooney v. Booth*, 108 F. App'x 739 (3d Cir. 2004) ("a party with knowledge of facts that may implicate the need for the presiding judge to recuse himself may not sit idly by and gamble upon the outcome of a proceeding, secured in the knowledge that, if the wrong result ensues, it can always cry foul.").

[5] In particular, Plaintiff appears to disagree with Judge Alsup's reasoning in the Order Granting Defendants' Motion for Summary Judgment, Dkt. No. 209, and the Order Denying a Continuance of the discovery period pursuant to Federal Rule of Civil Procedure 56(f), Dkt. No. 157.

[6] "In and of themselves (*i.e.*, apart from surrounding comments or accompanying opinion), [judicial rulings] cannot possibly show reliance upon an extrajudicial source; and can only in the rarest circumstances evidence the degree of favoritism or antagonism required [ ] when no extrajudicial source is involved. Almost invariably, they are proper grounds for appeal, not recusal. *Liteky*, *supra*, 510 U.S. at 555.

[7] In a similar vein, Plaintiff has also filed a Motion for Reconsideration of the Summary Judgment Order. Dkt. No. 214.

**IV. CONCLUSION**

A party may not seek disqualification of a judge simply because that judge has previously ruled against that party, other civil rights plaintiffs, or other *pro se* litigants. Rather, a party only may obtain disqualification upon an adequate showing of bias, prejudice, or partiality. *See* 28 U.S.C. §§ 144, 455(a)-(b)(1). As Plaintiff has not made that showing, the motion to disqualify must be **DENIED**.

For the foregoing reasons, the Motion to Disqualify the Honorable William H. Alsup is **DENIED**.

The hearing set for April 20, 2012 is **VACATED**.

This Order Terminates Docket Number 224.

**IT IS SO ORDERED.**

April 11, 2012

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**