IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK LETELL ADAMS,<br><br>    Plaintiff,<br><br>  v.<br><br>RONALD ALBERTSON individually in his official capacity as a former San Carlos Police Sergeant, MICHAEL ANDERSON individually in his official capacity as a former San Carlos Police Officer, JUSTIN COUNCIL individually in his official capacity as a former San Carlos Police Officer, GREG ROTHAUS individually in his official capacity as a former San Carlos Police Chief, CITY OF SAN CARLOS, CITY OF SAN CARLOS POLICE DEPARTMENT, and DOES 1–100,<br><br>    Defendants.<br>_____/ | No. C 10-04787 WHA<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR SANCTIONS AND VACATING HEARING** |

## INTRODUCTION

In this Section 1983 action, defendants move for sanctions pursuant to Rule 11 and Rule 37. For the following reasons, the motion is **GRANTED IN PART AND DENIED IN PART**.

## STATEMENT

This action arises from *pro se* plaintiff Mark Adams's arrest for domestic violence. The details of the arrest and the events after it are set out in the order granting defendants' motion for summary judgment and denying plaintiff's motion for summary judgment (Dkt.

1 No. 209). Defendants now seek sanctions pursuant to Rule 11 and Rule 37 for the following
2 conduct: (1) plaintiff's filing for summary judgment; (2) plaintiff's failure to appear for his own
3 deposition; (3) plaintiff's request for a German interpreter for his wife; and (4) plaintiff's various
4 post-judgment motions. This order follows full briefing.

## ANALYSIS

Rule 11 states that by presenting to the court a pleading, written motion, or other paper, an unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, it is not "frivolous, legally unreasonable, or without factual foundation, or is brought for an improper purpose." *Warren v. Guelker*, 29 F.3d 1386, 1388 (9th Cir. 1994). A motion is improper when it is brought "to harass, cause unnecessary delay, or needlessly increase the cost of litigation." FRCP 11. "Frivolous filings are those that are both baseless and made without a reasonable and competent inquiry." *Estate of Blue v. County of Los Angeles*, 120 F.3d 982, 985 (9th Cir. 1997) (internal quotation omitted). Although Rule 11 applies equally to attorneys and *pro se* litigants, "the court must take into account a plaintiff's *pro se* status when it determines whether the filing was reasonable." *Warren*, 29 F.3d at 1390.

"Imposition of discovery sanctions is committed to the trial court's discretion." *Marquis v. Chrysler Corp.*, 577 F.2d 624, 642 (9th Cir. 1978). The court's inherent power is "governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Chambers v. Nasco, Inc.*, 501 U.S. 32, 43 (1991). Rule 37 sanctions are appropriate in extreme circumstances where violations are due to willfulness, bad faith, or fault of the party. *U.S. for Use & Ben. of Wiltec Guam, Inc. v. Kahaluu Const. Co.*, 857 F.2d 600, 603 (9th Cir. 1988).

**1. PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT.**

Defendants state that the following conduct warrants imposition of sanctions:

> (1) plaintiff's motion exceeded the maximum allowed page limits by two pages; (2) plaintiff improperly asserted his Fifth Amendment right against self incrimination; (3) plaintiff discusses irrelevant law and misrepresents cited legal authority; (4) plaintiff's motion improperly made allegations on behalf of and against non-parties; (5) plaintiff proffered a voluminous

2

>amount of blatantly irrelevant evidence; (6) as a self-identified African-American, plaintiff's discrimination claim was improperly based on alleged Latino discrimination; (7) plaintiff's defamation claim was baseless; and (8) plaintiff's own summary judgment motion improperly requested that his motion be denied.

(Br. 1–2). Defendants seek $7293 — the costs incurred to respond to plaintiff's summary judgment motion. This order finds that sanctioning plaintiff in response to his summary judgment motion is inappropriate.

In support of their argument that plaintiff's motion was made for an improper purpose, defendants cite to an email sent by plaintiff in which he stated that he would "mak[e] a lot of noise showing support for reducing police department spending because [he] do[es] not believe that we need the amount of officers on the street that we currently have now . . . [and he] promis[ed] that [he] would hold the SCPD accountable for [plaintiff's arrest] and any future instances w[ould] be even more costly . . . [and he would] show civil force through the appropriate channels" (Br. 3). Defendants fail to connect the dots between statements made by a disgruntled citizen and his allegedly sanction-worthy summary judgment motion. Defendants state that plaintiff's statement is a "clear" indication that his goal in filing this suit was to "raise City costs" (*ibid.*). This order disagrees. What is apparent from plaintiff's statement is that he was frustrated and voiced intent to protest and show civil force through the *appropriate* channels. A statement made over two years before plaintiff filed his motion for summary judgment with vague references to increasing costs and protesting police presence, without more, does not prove improper motive.

Neither can exceeding the local rule limit on pages by two pages, especially given plaintiff's *pro se* status. While he is not excused from punishment for sanctionable conduct, he is entitled to some leeway. *Warren*, 29 F.3d at 1390. Defendants have offered no credible evidence to support a finding that plaintiff exceeded the page limit for some improper purpose or in bad faith.

In addition, much of the allegedly sanctionable conduct cited by defendants goes to the weight of plaintiff's legal arguments. Making losing arguments absent some indication of improper motive behind plaintiff's motion practice does not entitle defendants to sanctions.

3

This does not mean that *pro se* parties are granted free reign in motion practice, but rather that the party seeking sanctions bears the burden of proving frivolousness, improper motive, or bad faith behind making the motion itself.  This order holds that plaintiff's motion for summary judgment was not sanctionable conduct.

### 2. PLAINTIFF'S VARIOUS POST-JUDGMENT MOTIONS.

Defendants assert that plaintiff's post-judgment motion practice also warrants imposition of sanctions in the amount of $2178 (Br. 5).  Defendants again fail to show improper motive or bad faith.  Defendants have not shown that plaintiff's motions for relief from and amendment of the summary judgment motion were not the result of a reasonable and competent inquiry given plaintiff's *pro se* status.  The fact that plaintiff's arguments failed as a matter of law does not mean they were made in bad faith or with the intent to cause delay.  While defendants may infer that plaintiff's motions were brought for improper purposes, an equally logical inference is that plaintiff's intent was to obtain relief from an unfavorable judgment.  The foregoing reasoning applies equally to plaintiff's request for recusal and plaintiff's Seventh Amendment claim.  Failed legal arguments, without more, are not enough to impose sanctions.

### 3. PLAINTIFF'S FAILURE TO APPEAR FOR HIS OWN DEPOSITION.

Defendants seek sanctions pursuant to Rule 37 in the amount of $165 for plaintiff's failure to attend his own deposition (Br. 3).  Pursuant to Rule 37, a court may, on motion, order sanctions if a party fails, after being served with proper notice, to appear for that person's deposition.  Plaintiff's opposition simply states that defendants are not entitled to such sanctions because Rule 11 does not permit sanctions for discovery abuse (Opp. 3).  Defendants have specifically invoked Rule 37(d) (Br. 3).  In addition, defendants have supplied evidence that plaintiff was properly served notice of his deposition (Ullrich Decl. Exh. C).  Plaintiff does not dispute that he missed his deposition and in fact he stated in an email that the reason he missed it was because he was "caught up at work" (*id.* at Exh. B).  Plaintiff has offered no evidence that his failure to appear was substantially justified or that the award of $165 would be unjust.  Therefore, this order holds that defendants are entitled to sanctions in the amount of $165 for plaintiff's failure to appear at his own deposition.

4

### 4. PLAINTIFF'S REQUEST FOR A GERMAN INTERPRETER.

Defendants also request sanctions in the amount of $165 for plaintiff's demand for a German interpreter for his wife Teresa Adams before her deposition (Br. 4). Defendants argue that the request was baseless as Mrs. Adams's fluency in English is well established. In support of their argument, defendants cite the following facts: (1) Mrs. Adams testified at the factual innocence hearing and did not request a translator to assist with reviewing the transcript; (2) Mrs. Adams's testimony was in English; (3) at the factual innocense hearing, Judge Cretan stated that her English sounded "pretty good"; and (4) Mrs. Adams submitted an English language declaration in support of plaintiff's motion for summary judgment, and this declaration showed that Mrs. Adams has lived in the United States for at least three years, and that prior to moving here she had studied English two to three hours per week for three years in Germany (Br. 4). Plaintiff's opposition does not address defendants' arguments.

It is unclear whether defendants are arguing that plaintiff's conduct in this instance is sanctionable under Rule 11 or Rule 37. Because the conduct is related to discovery, this order infers that defendants are seeking sanctions under Rule 37. Even if plaintiff's request was unreasonable, without more evidence as to some improper motive or bad faith, this order cannot find that this is an extreme circumstance warranting sanctions. There is no dispute that English is not Mrs. Adams's first language. It seems reasonable that even with several years of English lessons plaintiff might request a German interpreter for something as important as a legal proceeding. Though it is unclear why the interpreter was not requested in other instances during litigation, it cannot be said that this automatically imputes bad faith on the part of plaintiff. This order holds that plaintiff's request for a German interpreter was not so extreme as to warrant sanctions in the amount of $165.

5

**CONCLUSION**

For the foregoing reasons, defendants' request for sanctions is **GRANTED IN PART AND DENIED IN PART**. Plaintiff is ordered to pay defendants sanctions in the amount $165 for failure to appear at his own deposition. The hearing scheduled for May 29, 2012, is **VACATED**.

**IT IS SO ORDERED.**

Dated: May 9, 2012.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE