IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK LETELL ADAMS, | No. C 10-04787 WHA |
| Plaintiff, | |
| v. | **ORDER DENYING MOTION FOR RECONSIDERATION AND VACATING MAY 31 HEARING** |
| RONALD ALBERTSON, et al. | |
| Defendants. | |

In this Section 1983 action, pro se plaintiff Mark Adams moves pursuant to Rules 59 and 60 to amend or, in the alternative, seek relief from the final judgment that was issued against him on February 10, 2012 (Dkt. No. 209). For the reasons stated below, the motion is **DENIED**.

Under Rule 59(e), reconsideration is appropriate if the district court "(1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *School Dist. No. 1J, Multnomah County, Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). Under Rule 60(b), reconsideration is appropriate upon a showing of "(1) mistake, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) a void judgment; (5) a satisfied or discharged judgment; or (6) 'extraordinary circumstances' which would justify relief." *Ibid*.

Plaintiff's motion mostly rehashes arguments that defendants violated plaintiff's constitutional rights by conducting a warrantless search and failing to read *Miranda* rights while he was allegedly in custody. These arguments were addressed at length in the summary

judgment order and that discussion will not be repeated here (Dkt. No. 209). The summary judgment decision was not erroneous and plaintiff has not raised any new material facts or cited any change in controlling law that would warrant reconsideration.

Plaintiff also raises a new legal theory for finding liability: the probable cause hearing for his arrest in 2010 was not proper under *Gerstein*. This allegation does not appear in his complaint, it was not raised at summary judgment, and there was (and is) no evidence in the record to support this theory. Plaintiff's new legal theory does not satisfy the requirements of Rules 59 or 60, which do not permit a party "to raise arguments or present evidence that could have been raised prior to the entry of judgment." *See Exxon Shipping v. Baker*, 554 U.S. 471, 486 fn. 5 (2008).

Plaintiff also alleges that summary judgment was based on a "fraudulent affidavit asserted by Defendant Ronald Anderson." But plaintiff neither points to what the fraudulent statement was nor cites to any supporting evidence of fraud. This argument is rejected.

Plaintiff also alerts the Court of three events that occurred *after* the entry of judgment in February 2012. *First*, plaintiff's wife committed an act of domestic violence against him and no arrest was made. *Second*, he reported an alleged violation of doctor-patient confidentiality to the Department of Health and Human Services. *Third*, he filed an employment discrimination action against his temporary employer. None of these new facts are material to the issue decided by the summary judgment order: whether police officers violated plaintiff's constitutional rights during his 2010 arrest.

For the reasons stated, the motion to amend or, in the alternative, seek relief from judgment is **DENIED**. The hearing scheduled for May 31 is **VACATED** pursuant to Local Rule 7-1(b).

**IT IS SO ORDERED.**

Dated: May 18, 2012.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

2